**STURZINGER v. HART et al.**

Circuit Court of Appeals, Sixth Circuit. December 12, 1927.

No. 4819.

**Receivers ⬅➾77(4)—Intervener in receivership of solvent company held entitled to goods stored for it when loans were made to company.**

In receivership of solvent company, intervener, which had advanced money to such company and in return received bills of sale for goods of equal value stored in building occupied by company *held* entitled to such goods, in absence of fraud or bad faith, or showing of injury or detriment to company's creditors or stockholders.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

In the matter of the receivership of the Erie Food Products Company, in which Alfred L. Hart and others, a partnership, intervened. From a ruling sustaining the claim of interveners to certain goods, Albert L. Sturzinger, receiver, appeals. Affirmed.

J. F. Hertlein and H. L. Pecke, both of Sandusky, Ohio, for appellant.

R. K. Ramsey, of Sandusky, Ohio (King, Ramsey & Flynn, of Sandusky, Ohio, on the brief), for appellees.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. On petition of a creditor the District Court appointed a receiver for the Erie Food Products Company. Appellees intervened, asserting claim to certain goods stored in one of the buildings of the company. The special master, to whose findings of fact there were no exceptions, found that the goods were stored under the following circumstances:

The company, being in need of funds, received from interveners, from time to time, beginning in September of 1925, certain sums of money, and contemporaneously therewith delivered to Swartzmiller, one of its employees, goods in original packages of the cost value of the sums so received; the goods were placed in four rooms of a building occupied by the company, which rooms were locked and the keys thereto given to Swartzmiller; Swartzmiller issued to the company receipts, in the form of warehouse receipts, for these goods, which receipts were immediately transferred to appellees; later the company gave to appellees bills of sale for all the goods contained in these rooms. He further found that the arrangement contemplated that the Erie Company should have the right to repurchase the goods from time to time as it needed and could pay for them.

Upon these findings and other facts appearing in the record the lower court sustained the appellees' claim. The receiver complains of that ruling and relies mainly upon In re Spanish American Cork Co. (C. C. A.) 2 F.(2d) 203. That case, in our opinion, is distinguishable, because the claim there made was contested by a trustee in bankruptcy, who occupied the position of a lien creditor. There is nothing in this record that would justify a denial of appellees' claims in the interest of creditors. The bill for the appointment of a receiver alleged that the Erie Company was not insolvent. It does not appear that that allegation is not true, or that the interest of any creditor or stockholder would be impaired by allowing these claims. The case before us, therefore, is one where the receiver of a solvent company seeks to avoid a contract which his company and the other party entered into and acted upon in good faith. He should not be permitted to do so, in the absence of fraud or a showing of injury or detriment to the company's stockholders or creditors.

Affirmed.